### In the Matter of Michael G. STITES, Respondent.

### No. 61S00–0802–DI–93.

Supreme Court of Indiana.

Oct. 10, 2008.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count I.* Based on an incident on January 11, 2004, Respondent pled guilty to Operating a Vehicle While Intoxicated ("OWI"), a class C misdemeanor. Respondent did not notify the Commission.

*Count II.* Based on an incident on December 4, 2006, Respondent pled guilty to OWL a class D felony, with sentencing as a class A misdemeanor. Respondent did not notify the Commission.

*Count III.* Based on an incident on October 28, 2007, Respondent pled guilty to OWI, a class D felony. Tin's incident occurred while he was still on probation for his second OWI charge. Respondent notified the Commission of his guilty plea.

The Court notes Respondent is currently subject to an interim suspension, effective June 17, 2008. pursuant to Indiana Admission and Discipline Rule 23(11.1)(a)(3), based on Respondent's being found guilty of a crime punishable as a felony.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

Ind. Professional Conduct Rule 8.4(b): Committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer.

Ind. Admission and Discipline Rule 23(11.1)(a)(2): Failure to notify the Commission of a guilty finding.

Ind. Admission and Discipline Rule 23(11.1)(a)(3): Being found guilty of a crime punishable as a felony.

**Discipline:** The parties agree the appropriate sanction is a six-month suspension, stayed in part subject to successful completion of a 36–month probation, as further described below. The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six month, effective June 17, 2008, with at least four months actively served and the remainder stayed subject to completion of at least 36 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth

in the parties' Conditional Agreement, which include:

(1) Respondent's active suspension shall end after four months or on the date of this order, whichever is later.

(2) The balance of the suspension will be conditionally stayed subject to successful completion of a 36–month probation with continued monitoring by the Judges and Lawyers Assistance Program ("JLAP").

(3) Respondent shall have no violations of his JLAP agreement, criminal arrests, or violations of the Rules of Professional Conduct during his probation.

(4) if Respondent violates his probation, the Commission will petition to revoke his probation and request that the balance of the stayed suspension be actively served without automatic reinstatement, and that Respondent be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Respondent's probation shall remain in effect until such time as it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), and to Thomson/West for publication in the bound volumes of this Court's decisions.

All Justices concur.